# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WESLEY SINCLAIR RICKS (#499599)**                              **CIVIL ACTION**

**VERSUS**

**NO. 20-50-SDD-RLB**

**LOUISIANA STATE PENITENTIARY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 19, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**WESLEY SINCLAIR RICKS (#499599)**　　　　　　　　**CIVIL ACTION**

**VERSUS**

**　　　　　　　　　　　　　　　　　　　　　　　　　NO. 20-50-SDD-RLB**

**LOUISIANA STATE PENITENTIARY, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The *pro se* plaintiff, an inmate currently confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against LSP, the Parish of West Feliciana, the Sheriff of West Feliciana Parish, and the West Feliciana Parish Sheriff's Department, complaining that his constitutional rights have been violated due to his transfer from the David Wade Correctional Center to LSP.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33. A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998). The law accords judges not only the authority to

dismiss a claim which is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations. *Denton v. Hernandez*, *supra*, 504 U.S. at 32. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915. *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A § 1915 dismissal may be made any time, before or after service or process and before or after an answer is filed, if the court determines that the action "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2) and *Green v. McKaskle*, 788 F.2d 1116, 1999 (5th Cir. 1986).

The plaintiff alleges the following in his Complaint: On May 7, 2018, the plaintiff was transferred from the David Wade Correctional Center to LSP. The plaintiff asserts that he is being held illegally because the indictment under which he was convicted was falsified. Specifically, the plaintiff alleges that one of the grand jury members was an imposter who had assumed the identity of "William Hayman." The plaintiff requests monetary and injunctive relief.

The plaintiff's allegations fail to state a claim cognizable in this Court. The plaintiff's claim calls into question the validity of his confinement. Accordingly, this claim is subject to dismissal because it may only be pursued in a habeas corpus proceeding. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*").

Further, the plaintiff's claim for monetary damages are barred pursuant to the rule stated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck,* a prisoner's claim for monetary

damages attributable to an alleged wrongful conviction or term of confinement is not cognizable in federal court whenever "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated," either by state officials or through federal habeas corpus. *Id.*

Were this Court to determine that the plaintiff is entitled to monetary damages, this would necessarily imply that the plaintiff's confinement is invalid. Since the plaintiff has failed to allege or show that his confinement has been invalidated or called into question in a separate proceeding, either in a state proceeding or through federal habeas corpus, the plaintiff's claim for monetary damages falls squarely within the holding of *Heck v. Humphrey* and must be dismissed. *See Perez v. U.S.,* 481 F. App'x 203, 207 (5th Cir. 2012) ("Because there is no evidence that Perez's convictions have been overturned, expunged, or otherwise invalidated, any claim that his indictment was obtained by fraud is barred by *Heck* "); *Marshall v. Hancock,* 263 F.3d 163, 2001 WL 803742, at *1 (5th Cir. 2001) ("The district court correctly held that Marshall's claim that his indictment was fraudulently obtained necessarily implicates the constitutionality of his conviction and is barred by *Heck.*") Accordingly, the plaintiff's claim for monetary damages arising out of his alleged unconstitutional confinement must be dismissed as it has not yet accrued.

To the extent the plaintiff is complaining of his actual transfer to LSP, inmates have no justifiable expectation that they will be incarcerated in any particular prison within a state. *Olim v. Wakinekona,* 461 U.S. 238 (1983). Administrative transfers of prisoners to another prison, the conditions of which may be substantially less favorable, do not constitute deprivations of Fourteenth Amendment liberty requiring a due process hearing. *Meachum v. Fano,* 427 U.S. 270 (1976).

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, having recommended that the plaintiff's federal claims be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

## RECOMMENDATION

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[1], at least until the conditions set forth in *Heck v. Humphrey, supra*, are met.

Signed in Baton Rouge, Louisiana, on March 19, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."